UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X
WILLIAM DiGIANNI,

           Plaintiff,

    - against -                        05 CV 4983 (SLT)(LB)

NATIONAL EVALUATION SYSTEMS, INC.,

           Defendant.
------------------------------------------------X
WILLIAM DiGIANNI,                 **MEMORANDUM and ORDER**

           Plaintiff,

    - against -                        05 CV 5408 (SLT)(LB)

ELIOT SPITZER, NEW YORK
ATTORNEY GENERAL, NEW YORK
STATE and NEW YORK STATE
DEPARTMENT OF EDUCATION,

           Defendants.
------------------------------------------------X

**TOWNES, United States District Judge:**

    Plaintiff, William DiGianni, has moved separately for the appointment of counsel to assist him in the prosecution of each of the captioned two actions.

    *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), articulates the factors the Court must consider before appointment of counsel for an indigent litigant: (1) whether the indigent's position seems likely to be of substance; (2) the indigent's ability to investigate the crucial facts; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the

fact finder; (4) the indigent's ability to present the case or obtain private counsel; (5) the complexity of the legal issues; (6) the availability of counsel; and (7) special reasons why appointment of counsel would be likely to lead to a more just determination.

In *Cooper*, the Court of Appeals for the Second Circuit emphasized that a court should closely scrutinize the apparent merits of the indigent's claim to determine if it is likely to be of substance. 877 F.2d at 172. Only if the claim meets this "threshold requirement" should the other criteria be considered. *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986)).

Based upon all submissions before the Court, I cannot conclude that Plaintiff's claims are likely to be of substance. Since this threshold requirement has not been met, the remaining factors need not be considered.

At this time, Plaintiff's motions for appointment of counsel are hereby DENIED. A motion on renewal will be considered as the case progresses.

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2005

SANDRA L. TOWNES
United States District Judge