FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y
★ MAY 24 2007
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

WILLIAM DIGIANNI,

                Plaintiff,

-against-

NATIONAL EVALUATION SYSTEMS, INC.,

                Defendant.

------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**05 CV 4983 (ERK)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff, William Digianni, brings this *pro se* action alleging that the defendant discriminated against him based on his disability in violation of Titles I, II, III, and V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, 12131- 12134, 12181-12189, 12201-12210; § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 701 *et seq.*, § 791 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981(a) ("§ 1981"); and the Fifth and Fourteenth Amendments of the United States Constitution. Defendant National Evaluation Systems, Inc. ("NES")[1] moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] The Honorable Edward R. Korman referred this motion to the undersigned for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons that follow, I respectfully recommend that defendant's motion for summary judgment should be granted and plaintiff's complaint should be dismissed.

---

[1] The Court notes that National Evaluation Systems, Inc. has been acquired by NCS Pearson, Inc. See Defendant's Reply Memorandum in Further Support of Its Motion for Summary Judgment ("Def's Reply Memo") at 1 n.1.

[2] Defendant gave plaintiff the requisite notice under Local Civil Rule 56.2.

# BACKGROUND

Defendant NES is a private educational testing company that develops and administers customized certification testing programs for teachers. Defendant's Rule 56.1 Statement ("Def.'s 56.1 Statement") ¶ 1.[3] Among the tests defendant develops and administers are the New York State Teacher Certification Examinations ("NYSTCE"), which include the Liberal Arts and Sciences Test ("LAST") and the Assessment of Teaching Assistant Skills ("ATAS"). Prospective public school teachers in New York are required to take and pass these exams. Def's 56.1 Statement ¶¶ 1-2; Second Amended Complaint ("2d Am. Compl.") at 4. Defendant does not receive federal funding. Def's 56.1 Statement ¶ 1.

Plaintiff applied to take the LAST and ATAS tests in August 2005. Def's 56.1 Statement ¶ 2; 2d Am. Compl. at 3. With his application to take the tests, plaintiff submitted an Alternative Testing Arrangements Request Form, asserting that he was disabled and that his disabilities were "verbal-expressive disorder" and "immediate short-term memory disorder." Def's 56.1 Statement ¶ 3; 2d Am. Compl. at 2. Plaintiff's request attached a "Neuropsychoeducational Evaluation" prepared by Terry L. Tolk, Ph.D. in April 2004 and his transcript from Hunter College. Plaintiff sought three alternative testing arrangements: "double time; separate room; and use of computer with

---

[3] Although plaintiff opposed defendant's motion, he has failed to contest any of the facts in defendant's Rule 56.1 statement and as such, the Court may deem all the facts in defendant's Rule 56.1 statement admitted. See Loc. R. 56.1(c). Generally, a "plaintiff['s] failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 504-05 (S.D.N.Y. 2003) (quoting NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003)). However, given plaintiff's *pro se* status, the Court will deem admitted only those facts in defendant's Rule 56.1 statement that are supported by admissible evidence and not controverted by other admissible evidence in the record. See Jessamy, 292 F. Supp. 2d at 504.

grammar check spell check." Def's 56.1 Statement ¶ 3; 2d Am. Compl. at 2.

Defendant denied plaintiff's request for alternative testing arrangements by letter dated August 29, 2005, because plaintiff's request to use a computer with grammar and spell check would "fundamentally alter[] the measurement of the skills the [LAST] is intended to test," and because plaintiff failed to sufficiently document his requests for extra time and a separate room.[4] Def's 56.1 Statement ¶ 4. In the same letter, defendant informed plaintiff that he could either take the tests without accommodation, supplement his request for alternative testing arrangements with additional documents, or appeal the denial as set forth in the NYSTCE Registration Bulletin. Def's 56.1 Statement ¶ 4. On September 23, 2005, defendant sent plaintiff a copy of its August 29, 2005 letter denying plaintiff's request, along with an admission ticket for the next test date should plaintiff choose to take the test without accommodation. Def's 56.1 Statement ¶ 5.

On October 5, 2005, plaintiff wrote to complain that he had not received defendant's August 29, 2005 letter. Plaintiff's letter inquired what defendant would consider sufficient documentation of his disability and asked that his registration fee be carried over to the next test date. Def's 56.1 Statement ¶ 6; 2d Am. Compl. at 6. After plaintiff commenced the instant action on October 11, 2005, defendant wrote to plaintiff on October 27, 2005, granting his request to apply his registration fee to the next test date and advising him to "consult with a professional to determine what appropriate diagnostic test(s) may be used to document your diagnosed disability." NES' October 27, 2005 letter to Digianni, attached to Affirmation of Ira G. Rosenstein ("Rosenstein Aff.") as

---

[4] Although plaintiff disputes receiving defendant's August 29, 2005 letter denying his requests, defendant attaches that letter as well as an identical copy dated September 23, 2005, listing the same address for plaintiff as the address on record with the Court. See letters, attached to Affirmation of Ira G. Rosenstein ("Rosenstein Aff.") as Exhibits D, E.

3

Exhibit G; Def's 56.1 Statement ¶¶ 7-8; 2d Am. Compl. at 6. Although plaintiff neither submitted additional documents nor appealed defendant's initial denial, defendant wrote plaintiff again on February 28, 2006 and offered to grant two of plaintiff's three accommodation requests—for a separate, private room and a full day to take the tests. Def's 56.1 Statement ¶ 9. Plaintiff did not respond to defendant's offer and has not registered to take the tests. Def's 56.1 Statement ¶ 10.

Plaintiff's complaint charges that defendant's denial of his requests for a private testing room, double time, and a computer with grammar and spell check violated his rights under the ADA. See Plaintiff's Statement in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opp.") at 6 ("NES did not have the authority to impose on me alternative testing arrangements that were not stipulated in my neuropsychoeducational evaluation, nor that I chose not to accept. NES could not dictate the arrangements I required.").

## PROCEDURAL HISTORY

Plaintiff filed his second amended complaint on April 18, 2006. Defendant answered on May 18, 2006 and the parties conducted discovery. Defendant thereafter requested and was granted permission to file the instant summary judgment motion. Defendant argues that summary judgment should be granted because: (1) either NES is not a proper defendant or plaintiff is not a covered party under Titles I, II, and V of the ADA, § 504 of the Rehabilitation Act, Title VII, § 1981, and the Fifth and Fourteenth Amendments of the United States Constitution; (2) plaintiff fails to state a claim under Title III of the ADA, as he seeks monetary damages while only injunctive relief is available; and that, in any event, (3) even if plaintiff were seeking injunctive relief under Title III of the ADA, he fails to establish that he is disabled within the meaning of the statute or that his request for

accommodation was reasonable. See Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def's Memo"). Plaintiff has opposed the motion and defendant has filed a reply.

## DISCUSSION

### I. Standard of Review

Summary judgment should be granted if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson, 477 U.S. at 248 ); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Cadrett, 477 U.S. 317, 322 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000). For the purposes of summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.

R. Civ. P. 56(e); see Matsushita, 475 U.S. at 586-87 (1986). In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). When a party is proceeding *pro se*, the Court is obliged to "interpret that party's supporting papers liberally, that is, 'interpret them to raise the strongest arguments that they suggest.'" Forsyth v. Federation Employment and Guidance Service, 409 F.3d 565, 569 (2d Cir. 2005) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## II. Claims Under the Americans With Disabilities Act

The Court need not dwell long on plaintiff's claims under Titles I, II, or V of the ADA, as plaintiff was never employed by defendant (required to maintain an action under Title I, see 42 U.S.C. § 12112(a)), and defendant is not a public entity (a prerequisite for suit under Title II, see 42 U.S.C. § 12132). Plaintiff therefore fails to state a claim upon which relief can be granted under these laws. Title V of the ADA prohibits retaliatory discrimination against or interference with, coercion of, or intimidation of any individual exercising a right granted under the ADA. See 42 U.S.C. § 12203. Having considered the pleadings in the light most favorable to plaintiff, plaintiff's complaint fails to state a claim under Title V of the ADA. Plaintiff claims that defendant failed to reasonably accommodate his alleged disability by failing to offer "alternative accessible arrangements" during examinations under Title III of the ADA. 42 U.S.C. § 12189. Therefore, the

Court addresses plaintiff's ADA claim solely under Title III. Plaintiff's claims under Titles I, II, and V of the ADA should be dismissed.

### III. Title III of the Americans With Disabilities Act

Plaintiff seeks $25 million in damages. See 2d Am. Compl. at 14. A private individual may not recover money damages; only injunctive relief is available for violations of a right granted under Title III of the ADA. See Powell v. National Bd. of Medical Examiners, 364 F.3d 79, 86 (2d Cir. 2004) (same remedies available under Title III of ADA as under Title II of Civil Rights Act of 1964) (citing 42 U.S.C. § 12188(a)(1)) . See also Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (injunctive relief is the only remedy for violation of Title II of Civil Rights Act of 1964); Spychalsky v. Sullivan, No. 01-CV-958 (DRH), 2003 WL 22071602, at *5 (E.D.N.Y. Aug. 29, 2003) (no compensatory damages allowed under Title III of the ADA) (unpublished opinion). Plaintiff, therefore, cannot recover monetary damages under Title III of the ADA. However, even if plaintiff's complaint sought injunctive relief rather than damages, it would still fail.

Title III of the ADA provides that:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189. To prove discrimination under Title III of the ADA, an individual must prove: (1) that he is disabled within the meaning of the ADA; (2) that he made a reasonable accommodation request; and (3) that he was denied that reasonable accommodation request. See D'Amico v. New

York State Bd. of Law Examiners, 813 F.Supp. 217, 221 (W.D.N.Y. 1993).[5]

Two of plaintiff's accommodation requests—for "double time" and a "separate room"—were not denied; they were ultimately granted by defendant. 2d Am. Compl. at 2; Def's 56.1 Statement ¶ 9. Initially, defendant denied plaintiff's requests, informing plaintiff that he could either take the tests without the requested accommodations, supplement his request for alternative testing arrangements with additional documents, or appeal the denial as set forth in the NYSTCE Registration Bulletin. Def's 56.1 Statement ¶ 4. Although plaintiff did not supplement his request with additional documents or appeal the initial denial, defendant granted plaintiff's requests for a separate, private room and a for full day to take the tests, albeit after plaintiff filed the instant claim. Def's 56.1 Statement ¶ 9. However, plaintiff never responded to defendant's offer and has not registered to take the tests. Def's 56.1 Statement ¶ 10.

Defendant's offer to accommodate two of plaintiff's requests after he filed his ADA complaint eliminates these two issues. See Spychalsky, 2003 WL 22071602, at *11 ("[A] disabled plaintiff is not entitled to have all of his proposed accommodations adopted, immediately or otherwise, so long as the offered accommodations are reasonable to avoid discrimination based on disability.") (internal quotations omitted) (unpublished opinion). See also Wernick v. Fed. Reserve Bank of N.Y., 91 F.3d 379, 385 (2d Cir. 1996) (affirming dismissal of ADA claim where defendant offered accommodations). As injunctive relief is the only available remedy under Title III of the ADA, and defendant ultimately granted plaintiff these two accommodation requests, plaintiff has

---

[5] Plaintiff mistakenly asserts that "[t]he Burden of Proof that they did not discriminate against my specific disability is on NES—not ME!" Plaintiff's Affidavit in Support of Facts in Response to Discovery, attached to Rosenstein Aff. as exhibit J, at 10. Plaintiff bears the burden under the ADA to prove that he is disabled and that defendant denied his reasonable accommodation request. See D'Amico, 813 F.Supp. at 221.

8

been offered what he could obtain under the law regarding these claims. See Powell, 364 F.3d at 86 (holding that only injunctive relief is available under Title III of the ADA). Plaintiff's ADA claim regarding these two requests should therefore be dismissed and only his claim based on his request for a computer with spell- and grammar-check remains.

### A. Disability Under the Americans With Disabilities Act

Whether a person is disabled under the ADA is an individualized inquiry. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999). An individual is disabled under the ADA if he or she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." Bartlett v. New York State Bd. of Law Examiners, 226 F.3d 69, 79 (2d Cir. 2000) (citing 42 U.S.C. § 12102(2)(A)). Courts reviewing whether a person is disabled under the ADA apply the three-step test established in Bragdon v. Abbott, 524 U.S. 624 (1998). Courts must decide whether a plaintiff has "a physical or mental impairment," whether the life activity allegedly impaired constitutes a "major life activity," and whether the impairment "substantially limits" that "major life activity." Bartlett, 226 F.3d at 79 (citing Bragdon, 524 U.S. at 631). "Titles II and III of the ADA impose largely the same requirements." Id. at 78, n.2.

#### 1. Physical or Mental Impairment

"Impairment" is defined as any "physiological disorder, or condition that affects the neurological, musculoskeletal, and cardiovascular systems." 29 C.F.R. § 1630.2(h)(1). Plaintiff alleges that he suffers from "verbal-expressive disorder" and "immediate short-term memory disorder," and submits a "Neuropsychoeducational Evaluation" prepared by Terry L. Tolk, Ph.D. See Neuropsychoeducational Evaluation dated April 9 and 13, 2004, attached to Rosenstein Aff. as Exhibit C ("Tolk Eval.") at 7.

9

### 2. Major Life Activity

Regulations implementing the ADA have defined "major life activities" to encompass "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, <u>speaking</u>, breathing, <u>learning</u> and working." 29 C.F.R. § 1630.2(I) (emphasis added); Bragdon, 524 U.S. at 625. "As the words 'such as' suggest, this list of major life activities is meant to be illustrative and not exclusive." Reeves v. Johnson Controls World Services, Inc., 140 F.3d 144, 150 (2d Cir. 1998). Plaintiff offers the 2004 Tolk evaluation as proof of his disability. The Tolk evaluation summarizes that plaintiff is "[e]specially affected [in] verbal understanding and processing, and verbal expression, both in oral and written areas," and that "[s]hort-term working memory is relatively weak." Tolk Eval. at 7. "Verbal understanding" and "verbal expression" may qualify as "learning" and "speaking" under the regulations. For the purposes of this summary judgment motion, the Court will therefore assume that plaintiff's disorders impair activities that constitute "major life activities." 29 C.F.R. § 1630.2(I).

### 3. Substantial Limitation

The third step in the Bragdon analysis is to determine whether plaintiff's impairment "substantially limits" the identified major life activity. "This inquiry is individualized and fact-specific." Colwell v. Suffolk County Police Dept., 158 F.3d 635, 642 (2d Cir. 1998). "Substantially limited" is defined as "[u]nable to perform a major life activity that the average person in the general population can perform," or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 CFR § 1630.2(j) (2001).

"Although almost any impairment may, of course, in some way affect a major life activity, the ADA clearly does not consider every impaired person to be disabled. Thus, in assessing whether a plaintiff has a disability, courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Cir. 1998); see also Parisi v. Coca-Cola Bottling Co., 995 F. Supp. 298, 302 (E.D.N.Y. 1998) (plaintiff must allege a specific factual basis to support a finding of a substantial limitation of a major life activity and may not rely upon conclusory allegations of such a limitation), aff'd, 172 F.3d 38 (2d Cir. 1999). In light of the above, the Court reviews the nature and severity of plaintiff's asserted "verbal-expressive disorder" and "immediate short-term memory disorder" to determine whether they "substantially limit" his "major life activities."

The ADA requires individuals "to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 185 (2002) (citing to Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 567 (1999)). The Tolk evaluation summarizes that plaintiff's "academic life has long been affected by his verbal learning disorder." Tolk Eval. at 7. It adds that plaintiff's "problems are seen in basic reading (decoding), reading rate, and writing, especially spelling, grammar, and expressive organization." Id.

On this record, plaintiff has presented some evidence of his disability such that a reasonable jury could conclude that a major life activity, learning, was "substantially limited." See Harnett v. Fielding Graduate Institute, 400 F.Supp.2d 570, 577 (S.D.N.Y. 2005) (proceeding to reasonableness-of-accommodation analysis where plaintiff submitted conclusory yet uncontradicted medical evidence of disability). Therefore, for the purposes of this motion, and viewing the facts in the light

11

most favorable to the non-movant, the Court assumes that plaintiff is disabled within the meaning of the ADA.

**B. Reasonableness of Accommodation Request**

Title III of the ADA states that an examination provider "shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. A covered entity under the ADA discriminates against a disabled individual when it fails to make "reasonable accommodations to known physical or mental limitations..." 42 U.S.C. § 12112(b)(5)(A). See also Fink v. New York City Dep't of Personnel, 53 F.3d 565, 567 (2d Cir. 1995) (finding a defendant must make a "reasonable accommodation of the plaintiff's disability"). Defendant was notified of plaintiff's alleged disability by his Alternative Testing Arrangements Request Form. Def's 56.1 Statement ¶ 3; 2d Am. Compl. at 2.

To avoid discriminating against an individual known to be disabled, a covered entity must provide reasonable accommodations "unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). See Powell, 364 F.3d at 88 ("[A] defendant need not make an accommodation at all if the requested accommodation 'would fundamentally alter the nature of the service, program, or activity.'") (quoting 28 C.F.R. § 35.130(b)(7)). Title III of the ADA "[does] not require the [defendant] to provide *every* accommodation the disabled [plaintiff] may request, so long as the accommodation provided is reasonable." Falchenberg v. New York City Dept. Of Educ., 457 F.Supp.2d 490, 494 (S.D.N.Y. 2006) (emphasis added). See also Fink, 53 F.3d at 567 (analyzing the reasonableness of an

accommodation under § 504 of the Rehabilitation Act, which applies an analogous standard to the ADA for a defendant receiving federal funding, and finding that the law "does not require the perfect elimination of all disadvantage that may flow from the disability; it does not require a lowering of standards, nor that the employer make 'fundamental' or 'substantial' modifications in order to eliminate the disadvantages flowing from the disability.") (quoting Alexander v. Choate, 469 U.S. 287, 300 (1985)) (internal quotations omitted).

Defendant argues that plaintiff's accommodation request to use a computer with grammar and spell check during the test would "fundamentally alter[] the measurement of the skills the [LAST] is intended to test." Def's 56.1 Statement ¶ 4. According to the test registration bulletin,

> The New York State Teacher Certification Examinations (NYSTCE®) address New York Education Law and Commissioner's Regulations, which require prospective New York State educators to pass designated tests as a requirement for receiving state certification.
>
> The NYSTCE are criterion-referenced, objective-based tests designed to measure a candidate's knowledge and skills in relation to an established standard rather than in relation to the performance of other candidates. *The explicit purpose of these tests is to help identify for certification those candidates who have demonstrated the appropriate level of knowledge and skills that are important for performing the responsibilities of an educator in New York State public schools.*

2005-06 NYSTCE Registration Bulletin at 1, attached to Rosenstein Aff. as Exhibit B ("NYSTCE Bulletin") (emphasis added).[6]

---

[6] Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment states: "because spelling is considered in scoring the essay portion of the Liberal Arts and Sciences Test, NES and the State Education Department do not allow the use of a spellchecker in taking this test as this would also prevent the accurate assessment of the required knowledge and skills being tested and would provide an unfair advantage over other test takers." Def.'s Memo at 13.

The Tolk evaluation states that plaintiff's handwriting difficulties are exacerbated by his "unusual pencil grasp." Tolk Eval. at 6. Although this information regarding plaintiff's handwriting difficulties is not specifically linked to plaintiff's verbal-expressive or immediate short-term memory disorders, the Court is unable to say whether plaintiff could have requested and been granted a typewriter or simple word processor without grammar and spell check as plaintiff never responded to defendant's letter setting forth his options for further consideration regarding his requests for accommodation. Def's 56.1 Statement ¶ 10. The Tolk evaluation concludes that plaintiff is "badly in need of the use of a computer with a spell checker for writing and spelling" because he "tended to spell phonetically." Tolk Eval. at 5. However, this 2004 psychological evaluation specifically addresses the accommodations plaintiff requested for the CUNY Proficiency Exam. This evaluation does not mandate that plaintiff be afforded a computer with grammar and spell check for the licensing tests at issue here to become a New York State public school teacher.

Defendant asserts that plaintiff's requested accommodation, a computer with grammar and spell check to take the test, would "fundamentally alter the nature of the service, program, or activity." Def's 56.1 Statement ¶ 4; 28 C.F.R. § 35.130(b)(7). The Court agrees. As the law does not require defendant to lower its standards, or to make "fundamental" or "substantial" modifications to "eliminate the disadvantages flowing from the disability," Fink, 53 F.3d at 567, plaintiff has not demonstrated that defendant denied him a reasonable accommodation in violation of the ADA when it denied his request for a computer with grammar and spell check. 42 U.S.C. § 12189. Defendant's motion for summary judgment should therefore be granted.[7]

---

[7] As the Court finds that plaintiff was not denied a reasonable accommodation under the ADA, it need not reach defendant's argument that plaintiff lacks standing to pursue his claim because he no longer intends to pursue his teaching career. See Def.'s Memo at 8 n.2 ("Because

14

## IV. Other Claims

Plaintiff alleges that defendant discriminated against him in violation of § 504 of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964. § 504 of the Rehabilitation Act prohibits disability discrimination by any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). See Powell, 364 F.3d at 85 ("Enacted before the ADA, the focus of the Rehabilitation Act is narrower than the ADA's in that its provisions apply only to programs receiving federal financial assistance."). Title VII prohibits employment discrimination based on race, color, religion, gender, or national origin and retaliation for claiming discrimination on any of these bases. See 42 U.S.C. §§ 2000e *et seq.* As defendant is a private corporation that does not receive federal funding, Def's 56.1 Statement ¶ 1, and plaintiff was never employed by defendant, defendant's motion for summary judgment should be granted on these claims.

Plaintiff also claims defendant violated his rights under 42 U.S.C. § 1981, and the Fifth and Fourteenth Amendments of the United States Constitution. 42 U.S.C. § 1981(a) prohibits race-based discrimination in the making and enforcement of contracts, which is not at issue here. See Ofori-Tenkorang v. American Intern. Group, Inc., 460 F.3d 296, 300 (2d Cir. 2006). As far as plaintiff's Fifth and Fourteenth Amendment claims, the Court assumes plaintiff makes these claims under 42 U.S.C. § 1983. However, a plaintiff in a § 1983 action must establish (1) deprivation of a federally protected right, (2) by a person acting under color of state law. See American

---

DiGianni no longer intends to pursue a career as a teacher, he no longer needs to take any of the NYSTCE tests and, therefore, the issue regarding whether he should be allowed to do so with some or all of the accommodations that he requested is moot.") (citing to DiGianni's Affidavit in Support of Opposition Papers to Defendants' Motion to Dismiss the Complaint in connection with DiGianni v. Spitzer et al., 05-CV-5408 (BMC)(LB) at 3, attached to Rosenstein Aff. as Exhibit I).

15

Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). As defendant is a private corporation, Def's 56.1 Statement ¶ 1, defendant's motion for summary judgment should be granted on these claims.

## CONCLUSION

Accordingly, it is respectfully recommended that defendant's motion for summary judgment should be granted and that plaintiff's complaint should be dismissed in its entirety. It is further recommended that the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment entered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

/s/

LOIS BLOOM
United States Magistrate Judge

Dated: May 23, 2007
Brooklyn, New York